IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**STEPHEN LEONARD GUARDINO, JR.,**

    **Plaintiff,**

vs.                                                              Case No. 4:18cv240-WS/CAS

**STATE OF FLORIDA,**
**and RICK SCOTT, GOVERNOR,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

An Order was issued on May 29, 2018, directing the pro se Plaintiff to file an amended complaint on the Court form as required by the local rules of this Court. ECF No. 11. Plaintiff submitted an amended complaint on June 18, 2018, ECF No. 15, along with a motion for interim partial award of relief, ECF No. 13, a motion to proceed with service of process, ECF No. 40, and a multitude of motions for judicial notice, ECF Nos. 16-27, offers of proof, ECF Nos. 28-38, 41, 44-54, exhibits, 42-43, and 55, and a "claim," ECF No. 39.

Plaintiff's amended complaint is not on the court form, nor does it comply with Federal Rule of Civil Procedure 8.  It is 51 pages in length and does not present "a short and plain statement" of Plaintiff's claim showing he that is entitled to relief, nor does it present a viable demand for relief sought.  Plaintiff's amended complaint consists of quotations from the Bible, case law, and literature; Plaintiff does not include factual allegations which demonstrate that the named Defendants have violated Plaintiff's constitutional rights.  The statements made within the amended complaint are not intelligible, nonsensical, and are frivolous.

Federal law permits a United States District Court to dismiss a case filed in forma pauperis if it is satisfied that the action is frivolous or malicious.  The Supreme Court has recognized two types of cases which may be dismissed, *sua sponte*, pursuant to 28 U.S.C. § 1915(d).  Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  The first kind of cases are those whose claims are "based on an indisputably meritless legal theory," and the second kind of cases are those which contain claims in which the "factual contentions are clearly baseless."  *Id.*  This case lacks an arguable basis in law, is incomprehensible, and is clearly removed from reality.  Sultenfuss v. Snow,

Case 4:18-cv-00240-WS-CAS   Document 59   Filed 07/18/18   Page 3 of 6

Page 3 of 6

894 F.2d 1277 (11th Cir. 1990) (citing Neitzke).  Further opportunities to submit an amended complaint are not needed as it is apparent that Plaintiff cannot submit a viable complaint.

Moreover, Plaintiff seeks "monetary damages against [the] State of Florida in the amount of One Hundred Billion United States Dollars" as relief.  ECF No. 15 at 51.  Absent limited exceptions, the State of Florida and its agencies are immune from suit in this Court by force of the Eleventh Amendment.  Carr v. City of Florence, Ala., 916 F.2d 1521, 1524 (11th Cir. 1990); *see also* Kentucky v. Graham, 473 U.S. 159, 169, 105 S.Ct. 3099, 3107, 87 L.Ed.2d 114 (1985) (reiterating that "absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court.").  That "bar remains in effect when State officials are sued for damages in their official capacity." Kentucky, 473 U.S. at 169, 105 S.Ct. at 3107; *see also* Odebrecht Const., Inc. v. Secretary, Fla. Dep't of Transp., 715 F.3d 1268, 1289 (11th Cir. 2013) (same).  Thus, a suit under § 1983 against a state official sued in his or official capacity is barred unless it meets one of three exceptions.  The first two exceptions are through a waiver of sovereign immunity.  *See* Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238, 105 S.Ct. 3142, 87

L. Ed. 2d 171 (1985); Gamble v. Florida Dep't of Health and Rehab. Servs., 779 F.2d 1509 (11th Cir. 1986). Waiver may be either by the State or Congress may override a state's immunity pursuant to its power under § 5 of the Fourteenth Amendment. Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank, 527 U.S. 627, 119 S.Ct. 2199, 2205-06, 144 L. Ed. 2d 575 (1999); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 55, 116 S. Ct. 1114, 1124, 134 L. Ed. 2d 252 (1996) (concluding "that the type of relief sought is irrelevant to whether Congress has power to abrogate States' immunity."). In enacting § 1983, Congress did not abrogate a state's immunity, Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 59 L. Ed. 2d 358 (1979); Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L. Ed. 2d 662 (1974), nor did Florida waive its Eleventh Amendment sovereign immunity and consented to suit in federal court under § 1983. Gamble, 779 F.2d at 1520.

The third exception is through Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L. Ed. 714 (1908). *See* Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 269, 117 S.Ct. 2028, 138 L. Ed. 2d 438 (1997) (reaffirming that prospective relief may be sought against a state official in federal court); Sandoval v. Hagan, 197 F.3d 484, 492 (11th Cir. 1999)

(citing <u>Summit Med. Assoc. v. Pryor</u>, 180 F.3d 1326, 1336-38 (11th Cir. 1999).  Here, Plaintiff does not clearly seek prospective injunctive relief, nor has he alleged a plausible claim supporting any request for relief.  ECF No. 15.  The Eleventh Amendment bars Plaintiff's requested relief.  This case should be dismissed sua sponte.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this action be **DISMISSED** because it is frivolous, because the amended complaint fails to state a claim upon which relief may be granted, and because Plaintiffs request for monetary damages is barred by the Eleventh Amendment.  It is further **RECOMMENDED** that all pending motions be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 18, 2018.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.